August 31, 2023

Matthew G. Olsen, Esq.
Assistant Attorney General for National Security
National Security Division
Department of Justice
950 Pennsylvania Avenue, N.W.
Washington, D.C. 20530

    Re: Mark Unkenholz, Crim. No. SAG-22-0105 (D.Md)

Dear Assistant Attorney General Olsen:

    We are writing about the prosecution of Mark Unkenholz. We urge that the Justice Department and the National Security Agency reconsider their decision to pursue Espionage Act charges against Mark.

    All of us are former intelligence professionals who take the security of classified information extremely seriously. We have also worked closely with Mark at senior levels of the National Security Agency, and several of us supervised him and the office in which he worked.

    We recognize that we don't know everything about the conduct that led to the filing of these charges. But we do know a lot about Mark, and the job he did for decades on behalf of the National Security Agency and the United States of America.

    It's what we know about Mark that impels this letter.

    First, many of us worked closely with Mark at the National Security Agency. We saw his commitment to the country and the Agency, and we were impressed by his creative and impactful contributions over a long career. The Mark Unkenholz we know devoted his life to protecting the United States, and he would never have disclosed information that, in the words of the indictment, "could be used to the injury of the United States." So, without having all the facts, we can only express our deep skepticism that he would do something that justifies prosecution under the Espionage Act. We hope that our profound doubts about this prosecution will lead you to make an independent assessment of the prosecution.

    Second, we know that the line between properly and improperly disclosing sensitive information is not always clearcut. Most of us are familiar with situations in which the national interest requires the sharing of sensitive information even though the rules for that sharing are less than clear. In those circumstances, the line between proper and improper disclosure must be drawn by good judgment and discretion. Once again, not having all the facts, we can only ask that you review them with this principle in mind. We understand that there can be differences in judgment, particularly about Mark's choices in the communications at issue, but given Mark's career, we would have expected disagreements about his judgment to be resolved in a disciplinary proceeding, not a criminal prosecution.

    Finally, we ask that you weigh the impact of this prosecution not only on Mark but on the workforce at the NSA. These charges have already upended Mark's life, which was devoted to

Matthew G. Olsen, Esq.
Assistant Attorney General for National Security
August 31, 2023
Page 2

the Agency for decades.  The many NSA employees who worked alongside Mark understand the profound bleakness he faces – the prospect of losing not only the career that gave meaning to his life but also the pension he no doubt expected would sustain him and his wife when his work came to an end, along with the prospect of spending the rest of his life in prison.

      What they, and we, do not understand is why such a harsh penalty would be imposed.  We have read the indictment, and we don't see any hint that Mark is suspected of espionage or corruption.  This raises the very real possibility that he is being prosecuted over a disagreement about how or when to disclose sensitive information in service to the country.  If so, many of NSA's most productive and committed employees may ask whether they too are at risk of similar treatment.

      We would welcome the opportunity to meet with you and discuss our concerns, individually or in a group, in classified spaces or unclassified – wherever and whenever you like,

      Thank you for your attention.

Very respectfully,

| | |
|---|---|
| Richard H. Ledgett, Jr.<br>Former Deputy Director<br>National Security Agency | Chris Inglis<br>Former Deputy Director<br>National Security Agency |
| Charlotte Knepper<br>Former Chief, Industry and Academic<br>Engagement (predecessor to CEC)<br>National Security Agency | Richard C. Schaeffer, Jr.<br>President. Riverbank Associates, LLC;<br>Former Information Assurance Director,<br>National Security Agency |
| Colby Currier<br>Former Chief, Z03 (predecessor to CEC)<br>National Security Agency | John Nagengast<br>Former Principal Director for Corporate Strategy<br>National Security Agency |
| Curt Dukes<br>Former Chief, Industry and Academic<br>Engagement (predecessor to CEC)<br>National Security Agency | Ed Giorgio<br>Former chief codebreaker and codemaker<br>National Security Agency |
| Stewart Baker<br>Former General Counsel<br>National Security Agency | |

Matthew G. Olsen, Esq.
Assistant Attorney General for National Security
August 31, 2023
Page 3

cc:     Gen. Paul M. Nakasone
        George C. Barnes