UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| UNITED STATES OF AMERICA<br><br>v.<br><br>MARK ROBERT UNKENHOLZ,<br><br>Defendant. | CRIMINAL NO.  SAG-22-105 |

**GOVERNMENT'S RESPONSE TO DEFENDANT'S SENTENCING MEMORANDUM**

Mark Robert Unkenholz stands convicted of unlawfully removing and retaining classified document or materials in violation of 18 U.S.C. § 1924(e).  Pursuant to the plea agreement, the government recommends the Court not sentence the defendant to any period of incarceration. After consideration of the applicable sentencing factors under Title 18, Unted States Code, Section 3553(a), the government believes that one year of probation is a just sentence in this case.

The United States Government entrusted Mark Robert Unkenholz with highly sensitive secrets during his nearly four decades of service at the National Security Administration.  His work over many of those years earned him promotions through NSA's ranks into the Senior Executive Service. From his first day as an NSA employee, Mr. Unkenholz was trained on the importance of properly handling classified information. He knew the possibility that improperly removing government secrets could result in exceptionally grave damage to the United States' national security.

 Between February 2018 and June 2020, Mr. Unkenholz removed classified information, including information classified at the SECRET and TS/SCI levels, from NSA secure storage systems and placed that information into his own personal, non-government email account.

1

Although Mr. Unkenholz did not act with the intent to aid a foreign power, deliberately harm the United States, or enrich himself, his actions were dangerous because the removal of that information into his personal, unsecure, non-government email account risked exposing the very secrets that Mr. Unkenholz and others in the intelligence community are sworn to protect.  As a result of his actions, Mr. Unkenholz ended his career with a federal felony conviction, and the court must now determine a sufficient sentence.

As a starting point, no sentencing guideline section directly applies to Mr. Unkenholz's crime, 18 U.S.C. § 1924(e).  The parties agree that there is no sufficiently analogous sentencing guideline provision, so pursuant to USSG § 2X5.1, the Court should analyze this case and determine a sufficient, but not greater than necessary, sentence through application of the relevant section 3553(a) factors.

**Argument**

Under USSG § 2X5.1(a), if the offense of conviction is a felony for which no guideline expressly applies, "the most analogous guideline" should be used. If, however, no sufficiently analogous guideline exists, the Court must sentence using the factors set forth in 18 U.S.C. § 3553(a).  Although the parties agree that there is no sufficiently analogous guideline here, the Probation Department's position is that the Court should apply USSG § 2M3.3.  Respectfully, the government disagrees that this guideline is applicable in this case to these facts.

To determine whether there is a sufficiently analogous guideline to a particular crime a court must compare "the elements of the defendant's crime of conviction to the elements of federal offenses already covered by a specific guideline." *United States v. Calbat*, 266 F.3d 358, 363 (5th Cir. 2001); *United States v. Nichols*, 169 F.3d 1255, 1270 (10th Cir).

While the inquiry need only be within the same "ballpark" as the offense of conviction,

2

*United States v. Jackson*, 862 F.3d 365, 376 (3d Cir. 2017), it must still be bounded by the elements of the offense of conviction. *Id*.

Section 2M3.3 specifically applies to convictions under 18 U.S.C. § 793(d) and (e), which require the transmission or communication of national defense information to persons not entitled to receive it.  In contrast, 18 U.S.C. § 1924(a) criminalizes unauthorized removal or retention of classified materials. The elements of section 1924 do not require any communication, dissemination, or transmission.  These are fundamentally different acts and the conduct criminalized under § 1924(a) is less likely to result in as severe injury as contemplated by USSG § 2M3.3

Additionally, there are two *mens rea* requirements under § 793(d) and (e) that are not present in § 1924(a).  One, sections 793(d) and (e) require a defendant to have reason to believe the information could harm the United States or advantage a foreign nation—and, for intangible information, that the defendant knew it might potentially harm the United States. *See United States v. Rosen*, 445 F. Supp. 2d 602, 625–26 (E.D. Va. 2006). Two, to sustain a conviction under section 793(d) and (e), the government must prove the defendant acted with a "bad purpose either to disobey or disregard the law," including knowledge that the recipient lacked authority to receive the information. *Rosen,* 445 F. Supp. 2d at 626.  Section 1924(a) contains none of these scienter requirements.

The offenses covered by § 2M3.3 involve far more culpable conduct, so it follows that violations of § 793 should, and do, carry significantly greater penalties than § 1924(a).  Because the essential conduct and mental state elements diverge so sharply, § 2M3.3 is not "sufficiently analogous" and the Court should not apply it here.

3

### 3553 Sentencing Factors

**Nature and circumstances of the offense and history and characteristics of the defendant**

Mr. Unkekholz had a 40-year career as a member of the intelligence community before making a series of very bad decisions. His actions demonstrated carelessness and a disregard for rules meant to protect the work he and others did at NSA. The Defendant's actions had the potential to cause grave harm to the United States. For all of his years of public service, the Defendant knew better than to remove classified information from a secure location, and transfer it to someone, in an unauthorized manner, to someone who had no need to know the classified information.

However, his motivation was not personal greed or espionage. While this lack of malevolent intent does not diminish the seriousness of the defendant's crime, the Government believes that this Court should consider the defendant's actions in the context of his decades of service.

**Deterrence and Public Protection**

No jail time is necessary to deter the defendant from committing this crime in the future. Mr. Unkenholz's retirement from NSA (and the revocation of his security clearances) mean that he will never again be in the position to reoffend. Indeed, he will never again have access to classified material. It is clear from the letters his NSA colleagues submitted that this conviction has reverberated around their workplace. If ever a conviction could serve as general deterrence, this unique case seems to have achieved that for those who know the defendant.

**Conclusion**

The parties jointly recommend a no jail sentence for Mark Unkenholz.

                        Respectfully submitted,

                        Kelly O. Hayes
                        United States Attorney

By:   _____
                        Robert I. Goldaris
                        Assistant United States Attorney